# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERON LORENZO MIDDLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-CV-403-GKF-PJC** |
| | ) | |
| **OKLAHOMA DEP'T OF CORRECTIONS** | ) | |
| **(sued as Dep't of Corrections Transport);** | ) | |
| **DAVID L. MOSS CRIMINAL JUSTICE** | ) | |
| **CENTER (sued as David L. Moss Release),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On June 22, 2010, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, Plaintiff shall either pay the $350 filing fee required to commence a civil action in this Court or file an amended motion to proceed *in forma pauperis* using the court-approved form and providing the required accounting information. In addition, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**A. Motion to proceed *in forma pauperis* is deficient**

After reviewing the information contained in the motion to proceed *in forma pauperis*, the Court finds that Plaintiff has failed to provide sufficient information for the Court's consideration as required by statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. §

1915(a)(2). This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee.  See 28 U.S.C. § 1915(b).

Before this action may proceed, Plaintiff shall be required to file an amended motion to proceed *in forma pauperis*, using the court-approved form and providing a copy of the accounting maintained by jail officials for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff shall cure this deficiency within thirty (30) days of the entry of this Order. **Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for payment of the full filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).**

**B.  Complaint is subject to dismissal**

**1.  Screening**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain  "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations

of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In his complaint (Dkt. # 1), Plaintiff states that he has been convicted after entering a guilty plea.  He alleges that he is being held at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail, rather than being transported to an Oklahoma Department of Corrections ("DOC") facility to serve his sentence, and claims he is being "overlooked."  Although he has filled in the blanks on the form for counts I, II, and III, each statement reflects the same

complaint: that he has not been transported to a DOC facility to serve his sentence.  See Dkt. # 1.

As his requested relief, Plaintiff asks for "transport the next day a transport is done." See id.  After

screening the complaint, see 28 U.S.C. § 1915A, the Court finds that, for the reasons discussed

below, it is subject to dismissal for failure to state a claim upon which relief may be granted.

### a.     David L. Moss Criminal Justice Center is not a proper defendant

As defendants, Plaintiff names "Department of Corrections Transport" and "David L. Moss

Release."  A jail or prison facility, such as the David L. Moss Criminal Justice Center, lacks the

capacity to be sued.  See Ketchum v. Albuquerque Police Dept., No. 91-2200, 1992 WL 51481, at

*2 (10th Cir. Mar. 12, 1991) (unpublished) (a municipal police department is not a suable entity

because it lacks a legal identity apart from the municipality); Arps v. Eddie Warrior Correctional

Center, Case No. CIV-05-892-C, 2006 WL 1451245, at *1, *4 (W.D. Okla. May 18, 2006)

(unpublished) (citing cases for position that a prison facility, like a jail, lacks the capacity to be

sued).  In this case, the David L. Moss Criminal Justice Center is not a separate suable entity and,

for that reason, should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b)(2).

### b.     DOC is entitled to Eleventh Amendment immunity

Plaintiff has named the DOC as a defendant in this action. Absent a specific waiver of

immunity or express abrogation of the state's immunity by Congress, however, "[n]onconsenting

States may not be sued by private individuals in federal court." Opala v. Watt, 454 F.3d 1154, 1157

(10th Cir. 2006) (quotations omitted). Here, the State of Oklahoma has not expressly waived its

Eleventh Amendment immunity to suit in federal court. See Okla. Stat. tit. 51, § 152.1. And the

Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Mich. Dep't

of State Police, 491 U.S. 58, 66 (1989). "[T]he DOC is an arm of the state and should be entitled to absolute [Eleventh Amendment] immunity." Eastwood v. Department of Corrections, 846 F.2d 627, 632 (10th Cir. 1988). When a state agency is sued, the Eleventh Amendment applies regardless of the relief sought. See Cory v. White, 457 U.S. 85, 90 (1982). Thus, as an arm of the state, the DOC is clearly immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution and should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(2).

       **c.**       **Plaintiff has not identified a constitutional violation**

Even if Plaintiff names a non-immune, suable defendant, his complaint fails to state a claim upon which relief may be granted and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(2). "To state a claim under 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. . . ." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 is not a source of substantive rights, but provides a method to vindicate federal rights conferred elsewhere. Albright v. Oliver, 510 U.S. 266 (1994). Consequently, in order to state a claim, Plaintiff must identify the infringement of a constitutional right.

Nowhere in his complaint does Plaintiff identify what constitutional right has been violated by the defendants' failure to transport him to a DOC facility. Significantly, a prisoner has no justifiable expectation that he will be incarcerated in any particular prison. See Olim v. Wakinekona, 461 U.S. 238 (1983); Overturf v. Massie, 385 F.3d 1276 (10th Cir. 2004). However, the Court recognizes Plaintiff's allegation that "I see everyone else getting transported except me." See Dkt. # 1. Giving liberal construction to Plaintiff's claims, see Haines, 404 U.S. 519, Plaintiff may be claiming that he is being treated differently from other inmates, an allegation that falls under the

5

equal protection clause. In order to succeed on an equal protection claim, Plaintiff would have to show that he is "similarly situated" to other prisoners who have been transported to a DOC facility, see Barney v. Pulsipher, 143 F.3d 1299, 1312 (10th Cir. 1998), and that the difference in treatment was not "reasonably related to legitimate penological interests," Turner v. Safley, 482 U.S. 78, 89 (1987); Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996); Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.3d 1111, 1119 (10th Cir. 1991); Hinton v. Oklahoma Dep't of Corr., 2010 WL 1133317 (W.D. Okla. March 5, 2010). Plaintiff must allege facts sufficient to "overcome a presumption of government rationality." Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995). In this case, Plaintiff makes only conclusory allegations and has not alleged facts demonstrating that he has been treated differently than other similarly situated inmates. Furthermore, he does not challenge the legitimate penological purpose behind a DOC "reception scheduling procedure," Okla. Stat. tit. 57, § 138(G), that must necessarily accommodate the arrival of inmates with varying records and needs from around the state for timed placement in facilities of varying security levels and with varying bed space. The security of both the inmates and the institutions is dependent upon the judgments made when these varying factors are balanced. Hinton, 2010 WL 1133317, *2. Based upon the deference that must be given to prison officials in making these discretionary judgments, see Hewitt v. Helms, 459 U.S. 460, 472 (1983), Plaintiff's equal protection claim cannot stand.

Plaintiff further alleges that "they are making me do more time, keeping me away from level changes which get my time served." See Dkt. # 1. To the extent Plaintiff claims that he is being denied the opportunity to earn sentence credits through an earlier reception to a DOC facility, his complaint fails to state a claim upon which relief may be granted. See Hinton, 2010 WL 1133317, *2. Oklahoma law provides that "[t]he length of any jail time served by an inmate before being

6

transported to a state correctional institution pursuant to a judgment and sentence of incarceration shall be deducted from the term of imprisonment at the state correctional institution." Okla. Stat. tit. 57, § 138(G). Moreover, an inmate who is "detained in a county jail as a result of the [DOC's] reception scheduling procedure shall be awarded earned credits" at the Class Level 2 rate. Id. Oklahoma law further provides that the DOC is charged with establishing policy regarding inmates' class level assignments at their state institutions. Id. at § 138(B). Pursuant to the DOC's Policy and Operations Manual No. OP-060107, while "[o]ffenders will be placed on Level 2 upon initial reception at an assessment and reception center[,]" id. at (I)(A)(2)(b)(1) (emphasis added), "[o]ffenders may be considered for a promotion to Level 3 after being incarcerated for at least three months, receiving excellent work, education or program evaluations, excellent evaluations for personal hygiene and maintenance of living area, having no active class X misconducts or escape points . . . and maintaining a good attitude and relationship with staff and other offenders." Id. at (I)(A)(2)(c) (emphasis added). Thus, because a promotion to a higher class level with an increased number of credits is discretionary, Plaintiff has not been deprived of the opportunity to earn credits to which he has an entitlement "and thus no liberty interest is involved." Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006). In other words, an inmate "has no constitutionally-protected liberty interest in earning . . . credits." Id.; see also Cardoso v. Calbone, 490 F.3d 1194, 1198 (10th Cir. 2007); Hinton, 2010 WL 1133317, *2.

Plaintiff also alleges that "DOC Transport is legally murdering me." See Dkt. #1. Again giving liberal construction to Plaintiff's claim, it appears he is alleging that defendants' failure to transport him to a DOC facility constitutes unconstitutional punishment. See Dkt. #1. To the extent Plaintiff alleges that his ongoing confinement at David L. Moss Criminal Justice Center violates the

7

Eighth Amendment's prohibition against cruel and unusual punishment, his complaint fails to allege facts sufficient to state a claim upon which relief may be granted.  He has failed to that he is being denied "the minimal civilized measure of life's necessities," let alone a culpable mental state on the part of prison officials.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

### 3.  Opportunity to amend

The defendants named by Plaintiff are either immune or not suable.  Furthermore, Plaintiff fails to identify a constitutional basis for his claims and makes only conclusory allegations.  As a result, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  However, should Plaintiff be able to name appropriate defendants and cure the deficiencies identified herein, he may file an amended complaint within thirty (30) days of the entry of this Order. If Plaintiff files an amended complaint, he should use the court-approved form, identify all defendants in the caption of the amended complaint, and explain how each named defendant allegedly violated his constitutional rights. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **July 26, 2010**, Plaintiff shall either pay in full the $350 filing fee or submit an amended motion to proceed *in forma pauperis* using the court-approved form and providing the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.

2.      By the above-referenced deadline, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies discussed herein.  Should Plaintiff fail to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

3.      The Clerk of Court is directed to send Plaintiff a blank motion to proceed *in forma pauperis* (form AO-240), a blank civil rights complaint (form PR-01), both marked "amended" and identified as Case No. 10-CV-403-GKF-PJC.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 24th  day of June, 2010.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

9